WEISSENTHANNER v. DODGE METALLIC CAP CO.

(Circuit Court of Appeals, Third Circuit. May 4, 1908.)

No. 12.

PATENTS—INVENTION—BOTTLE STOPPER.

The Weissenthanner patent, No. 801,281, for a sheet-metal closure for bottles, etc., is void for lack of invention.

Appeal from the Circuit Court of the United States for the District of New Jersey.

Charles L. Jones, for appellant.
Herbert Howson, for appellee.

Before DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

BUFFINGTON, Circuit Judge. The court below held invalid patent No. 801,281, granted October 10, 1905, to Alfred L. Weissenthanner for a sheet-metal closure for bottles, etc. It committed no error in so holding. In view of the description of the device and the full discussion of the patent in the opinion of the court below, reported in 156 Fed. 365, we confine ourselves to narrow limits.

The device was one to rupture the metal cap of a bottle. It consisted of extending the metal at one side of the cap into a downwardly projected tongue, and near the head of the tongue piercing the cap by two inverted shaped slits. The result was, when the tongue was pulled upwards, the cap was easily ruptured and removed. But patent No. 708,528, to Calleson, showed the use of a downwardly projecting tongue and at its head two circular-shaped, diverging slits to facilitate rupture. Assuming the change from Calleson's circular slits to the present patentee's right-angled ones was an improvement, yet it was one of such mere mechanical character as to involve nothing inventive. In our judgment the grant of a patent upon such a device and the allowance of 22 claims thereon involves a misunderstanding of the function of a patent, for "to grant to a single party a monopoly of every slight advance made, except when the exercise of invention somewhat above ordinary mechanical or engineering skill is distinctly shown, is unjust in principle and injurious in consequences." Unless the Patent Office itself is satisfied of the patent's validity, the public should not be burdened with a monopoly, with the expectation that the courts will invalidate it.

The judgment of the court below is affirmed.